## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA E. ABU GHAZALEH, Derivatively on Behalf of Nominal Defendant GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, RICHARD MIAO, JASON RYAN, ELI D. CASDIN, EMILY LEPROUST, KEITH MEISTER, JOSHUA RUCH, RACHEL SHERMAN, NAT TURNER, DENNIS CHARNEY, and MICHAEL PELLINI, <br><br> Defendants, <br><br> and <br><br> GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP., <br><br> Nominal Defendant. | Case No. 1:23-cv-01357-GBW |

### STIPULATION AND [PROPOSED] ORDER STAYING CASE PENDING RESOLUTION OF RELATED SECURITIES CLASS ACTION

Plaintiff Patricia E. Abu Ghazaleh ("Plaintiff") and defendants Eric Schadt, Katherine Stueland, Isaac Ro, Richard Miao, Jason Ryan, Eli D. Casdin, Emily Leproust, Keith Meister, Joshua Ruch, Rachel Sherman, Nat Turner, Dennis Charney, and Michael Pellini (collectively, the "Individual Defendants"), and nominal defendant GeneDx Holdings Corp. ("GeneDx" and, with the Individual Defendants, "Defendants," and with Plaintiff, the "parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on November 28, 2023, Plaintiff filed this putative shareholder derivative action ("Action") allegedly brought on behalf of GeneDx that asserts claims and damages against

the Individual Defendants based on, among other things, GeneDx's alleged liability in other pending matters including the putative securities class action lawsuit captioned *Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-KAD (D. Conn.) ("*Helo*") filed in the United States District Court for the District of Connecticut on September 7, 2022 against GeneDx and four of the Individual Defendants, alleging violations of the federal securities laws under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and based on substantially the same facts and circumstances at issue in this Action;

WHEREAS, on August 21, 2023, the defendants in *Helo* filed a motion to dismiss that action and is subject to the mandatory discovery stay provisions of the Private Securities Litigation Reform Act of 1995 unless and until the complaint in that case survives a motion to dismiss;

WHEREAS, the outcome of *Helo* will be informative to the litigation of this Action;

WHEREAS, the Parties have conferred and agree that, given the overlapping factual and legal issues, and because Plaintiff seeks damages on GeneDx's behalf arising from, among other things, the outcome of *Helo* (Compl. ¶ 5, ECF No. 1), a stay of this Action pending resolution of *Helo* is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the parties, and will more closely align the proceedings in this Action with the proceedings in *Helo*;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, by their undersigned counsel, subject to approval of the Court, as follows:

1.     The Parties agree that a temporary stay of this Action pending resolution of *Helo* is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the Parties, and will more closely align the proceedings in this Action with the proceedings in *Helo*.

2. The proceedings in this Action shall be temporarily stayed until the earlier of (1) final resolution of *Helo*; or (2) an announcement that the parties in *Helo* have reached a settlement. Defendants shall not be required to move, or otherwise respond, to the complaint in the Action during the pendency of the stay.

3. Within fourteen (14) days of resolution or dismissal of *Helo* with prejudice, the parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in this action, including dates by which Plaintiff must file an amended complaint (if not already amended pursuant to paragraph 4), if any, and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

4. Notwithstanding the agreed-upon stay of the Action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

5. Defendants shall promptly notify Plaintiff of any derivative actions filed in any forum involving GeneDx regarding substantially similar or the same allegations as those made in the Action ("Related Derivative Action").

6. Defendants shall notify Plaintiff if any Related Derivative Action is not stayed for a similar or longer duration than this stay. If any Related Derivative Action is not stayed for a similar or longer duration than this stay, Plaintiff shall have the option to terminate the stay in this Action. Such option may only be exercised, however, after defendants in any Related Derivative Action have been afforded a reasonable opportunity to seek a stay of such Related Derivative Action, and Defendants either decline to seek such a stay or are unsuccessful in moving for or

stipulating to such a stay. In the event Plaintiff elects to terminate the stay in this Action, Plaintiff shall provide 14-days notice of such election to the undersigned counsel for Defendants via email. Within fourteen (14) days after the notice of termination, the parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in this Action (or any application to further extend the stay), including dates by which Plaintiff must file an amended (or consolidated) complaint and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

7. If, during the pendency of the stay, GeneDx provides copies of any books and records to a stockholder in response to any Section 220 Demand ("Section 220 Documents") that relates to the subject matter of this Action, GeneDx will also promptly produce copies of such Section 220 documents to Plaintiff, subject to counsel entering a reasonable and mutually agreed-to confidentiality or protective order governing the use and disclosure of any confidential material therein. Because both *Helo* and this Action are subject to a mandatory discovery stay pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(b)(1), Plaintiff agrees not to share any such Section 220 documents with plaintiffs in *Helo* or any other action. Absent agreement of the parties (after a good faith attempt to meet and confer) or an order of the Court, Plaintiff further agrees that she will not use any such Section 220 documents or information derived therefrom in any complaint filed in this Action unless and until the PSLRA stay is lifted in *Helo*. To the extent any amended complaint is based on any information derived from the Section 220 documents, Plaintiff agrees that references to such information will be filed under seal pursuant to applicable court rules.

8. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle *Helo*, counsel for Defendants shall provide counsel in this

Action with reasonable advance notice of said mediation and shall invite Plaintiff to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). In the event that Plaintiff is not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiff at or around the same time. Defendants shall inform Plaintiff upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall provide counsel in this Action with reasonable advance notice of said mediation and invite Plaintiff to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation, as well as any insurers).

Of Counsel:

Catherine Kevane, Esq.
**FENWICK & WEST LLP**
555 California Street, Suite 1200
San Francisco, CA 94104
(415) 875-2300
ckevane@fenwick.com

/s/ T. Brad Davey
T. Brad Davey (#5094)
**POTTER ANDERSON & CORROON LLP**
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
bdavey@potteranderson.com

*Attorneys for Defendants*

Of Counsel:

Leonid Kandinov
**MORRIS KANDINOV LLP**
550 West B Street, 4th Floor
San Diego, CA 92101
(877) 216-1552
leo@moka.law

/s/ Seth D. Rigrodsky
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
**RIGRODSKY LAW, P.A.**
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
sdr@rl-legal.com
gms@rl-legal.com
hwm@rl-legal.com

*Attorneys for Plaintiff*

5

Dated: March 7, 2024

**IT IS SO ORDERED** this \_\_\_ day of _____ 2024.

_____
The Honorable Gregory B. Williams